**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4705**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TYRONE T. GILBERT,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge. (CR-
02-77-DKC)

———————————

Submitted:  June 23, 2005            Decided:  June 28, 2005

———————————

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

William C. Brennan, Jr., BRENNAN, TRAINOR, BILLMAN & BENNETT,
L.L.P., Upper Marlboro, Maryland, for Appellant.  Barbara Suzanne
Skalla, Assistant United States Attorney, Daphene Rose McFerren,
OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tyrone T. Gilbert appeals the district court's judgment entered pursuant to his guilty plea to possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2000). Gilbert's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the evidence was insufficient to support the district court's finding that he possessed more than fifty grams of cocaine base, and that the district court erred by failing to grant an additional one-point reduction for acceptance of responsibility. However, because Gilbert's plea agreement contained a waiver of his right to appeal these issues, we dismiss the appeal.

A defendant may waive his right to appeal his sentence as part of a plea agreement. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). However, the waiver must be knowing and voluntary. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000); United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991). This Court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Gilbert's plea agreement waived all rights to appellate review except the right to appeal (1) an imposed offense level higher than thirty-four, (2) an upward departure, and (3) the calculation of his criminal history category. A close review of the Fed. R. Crim. P. 11 colloquy reveals that the district court expressly questioned

Gilbert about the waiver of his appellate rights. Gilbert assured the court that he understood the terms of his plea agreement and he entered into it freely. Accordingly, we conclude that Gilbert's waiver was knowing and voluntary. <u>Brown</u>, 232 F.3d at 403. Moreover, although Gilbert's waiver preserved his right to raise a limited number of issues on appeal, the issues before us today are beyond the scope of the exceptions carved out in the plea agreement. Finally, we hold that in accordance with our recent decisions in <u>United States v. Johnson</u>, __ F.3d __, 2005 WL 1345622, *11-*13 (4th Cir. June 8, 2005), and <u>United States v. Blick</u>, __ F.3d __, 2005 WL 1252617 at *7-*9 (4th Cir. May 27, 2005), Gilbert's waiver of his right to appeal that was accepted prior to the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), is not invalidated by the change in law effected by that decision.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss the appeal.[*] This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may

---

[*]We deny Gilbert's motion to file a supplemental brief raising claims under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), as such issues were also waived under the terms of the plea agreement.

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED